UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY KILLEN AND
MICHAEL KILLEN                                                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO.  3:20-CV-829-KHJ-MTP

JOHNSON & JOHNSON
AND ETHICON, INC.                                                                                 DEFENDANTS

ORDER

This action is before the Court on Plaintiffs Mary and Michael Killen's Motion for Leave to File Second Amended Complaint [10]. For these reasons, the Court grants the Killens' Motion [10] and finds as moot Defendants' Motion to Dismiss First Amended Complaint [6].

Federal Rule of Civil Procedure 15(a) governs the Court's discretion to allow amendments and specifically provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit considers five factors when determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Stripling v. Jordan Protection Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (citation omitted).

Defendants' main argument against granting leave to amend is that the Killens' proposed amendments would be futile. [12] at 2. The Fifth Circuit has interpreted "futility" in the amended pleading context to mean an amended complaint still fails to state a claim upon which relief can be granted, applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 873 (5th Cir. 2000). The proper consideration, then, is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Having reviewed the Killens' First Amended Complaint [5], Defendants' Motion to Dismiss [6], and the Killens' proposed Second Amended Complaint [10-1], this Court is not convinced of Defendants' position that "their claims still would not survive a motion to dismiss under Rule 12(b)(6)." [12] at 2.

As a result, following the liberal standard for affording leave to amend, this Court finds the Killens should be granted leave to file their Second Amended Complaint. In the interest of justice, and because none of the factors that militate against granting a party leave to amend are present, the Court grants the Killens' Motion [10]. Once served with the Second Amended Complaint, Defendants may respond with any motions or defenses that may be appropriate, and the Court reserves consideration of any arguments Defendants should bring for a later date. For now, the Court merely determines the Killens may amend their Complaint for a second time.

IT IS THEREFORE ORDERED AND ADJUDGED that the Killens' Motion for Leave to File Second Amended Complaint [10] is GRANTED and Defendants' Motion to Dismiss [6] is MOOT. The Killens must file their Second Amended Complaint by June 4, 2021, and Defendants must file their response within ten days of service.

SO ORDERED this the 25th day of May, 2021.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE